IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| DONALD DOINES, PRO SE, | § | |
| TDCJ-CID # 1046547, | § | |
| Previous TDCJ-CID #681141, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-0042 |
| | § | |
| GARY JOHNSON, CHARLES BELL, | § | |
| MARGARET McCLEARY, | § | |
| BERRY MARTIN, | § | |
| NFN BEACH, LANCE PORTER, | § | |
| RICHARD ELLIS, WILLIAM WHITE, | § | |
| CHRISTOPHER ABSHIRE, | § | |
| JANICE BAKER, PHILIP HULSEY, and | § | |
| GLEN D. STOUDER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DONALD DOINES, acting pro se and while a prisoner confined in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants and has been granted permission to proceed in forma pauperis.

Plaintiff filed his original complaint on February 24, 2004 and was ordered to file

an amended complaint on June 15, 2004. Plaintiff an amended complaint on June 24, 2004 and

filed another amended complaint on February 13, 2006. By his last amended complaint, plaintiff

drops GARY JOHNSON, CHARLES BELL, BERRY MARTIN, and NFN BEACH from his list

of defendants and makes no claims or factual allegations against them.  It appears plaintiff has elected to dismiss these defendants, and they have been terminated on the docket.

Plaintiff's February 13, 2006 amended complaint supersedes his previous complaints and renders them of no legal effect.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).  Consequently, it is the February 13, 2006 amended complaint which forms the basis for this Court's review of plaintiff's claims.

Plaintiff sues each defendant in his official and individual capacity.

Plaintiff alleges he was subjected to vulgar language by defendant BAKER on August 22, 2003 and, when he complained to defendants ELLIS and PORTER, they too abused him with such language.  Plaintiff states ELLIS and PORTER also denied him access to the chow hall for that meal, denying him the opportunity to eat a meal.  Plaintiff says that defendant STOUDER, the grievance investigator, returned his first grievance unprocessed and he had to re-submit it without the attachment.

Plaintiff further alleges that, about two weeks after the August 22nd incident, he was quizzed by defendants BAKER and HULSEY concerning his beard length and had to show them his clipper shave pass.  He says BAKER conducted a pat search and he then left, only to be called back by BAKER, who informed him she hadn't finished.  He states she then continued to harass him about his facial hair.  Plaintiff says he remarked to her that retaliation was one of the worst "jackets[1]" an officer could have.  Plaintiff states defendant HULSEY then wrote him a false

---

[1]In prison parlance, a "jacket" is a reputation or label.

2

disciplinary case for disobeying a direct order to place his hands behind his back.  Plaintiff says HULSEY demanded plaintiff's ID card at that time, which plaintiff surrendered, and that plaintiff then left, showered, and went to the pill window.  He says HULSEY and BAKER were working security there and that he requested his ID card from HULSEY so he could get his medicine, a decongestant, but HULSEY refused.  Plaintiff claims he couldn't get his medicine and BAKER gave him a false disciplinary case for being out of place.

Plaintiff claims he complained to defendant WHITE, who got plaintiff's ID card back to him, but only after the pill window had closed.

Plaintiff claims defendant PORTER conducted the disciplinary hearing on the two false cases and that this violated TDCJ rules or customs because PORTER should not have been the Disciplinary Hearing Officer on any cases in which he was involved.

Plaintiff also alleges defendant McCLEARY denied his appeal of the two cases.

Plaintiff further claims a conspiracy by defendants PORTER, BAKER, and HULSEY, as well as retaliation by BAKER.

Although expressly instructed to state with factual specificity precisely what act or omission was committed by each defendant, plaintiff has made no factual allegation concerning defendant ABSHIRE.

Plaintiff requests unspecified injunctive relief, declaratory judgment, and an award of compensatory, punitive, and exemplary damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.

Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts

alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to

answer by defendants.

## THE LAW AND ANALYSIS

Concerning the August 22nd incident, plaintiff's allegations of the use of vulgar

and profane language do not state a claim of constitutional dimension.  *Bender v. Brumley*, 1 F.3d

271, 274 (5th Cir. 1993)(mere allegations of verbal abuse do not present an actionable section

1983 claim); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977))(mere threatening language and gestures of a custodial officer do not amount to a constitutional violation). The fact that the use of such language violates prison regulations does not raise this claim to constitutional stature. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990)(the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Consequently, plaintiff's claims based upon the use of profane or vulgar language lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim that PORTER and ELLIS refused him admittance to the chow hall on that occasion resulting in the deprivation of a single meal, deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment only where a prisoner is denied the " 'minimal civilized measure of life's necessities.' " *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)(citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Whether the specific deprivation falls below this threshold depends on the amount and duration of the deprivation. *Talib*, 138 F.3d at 214 n.3. The deprivation of a single meal does not constitute the continuous or substantial denial of food necessary to constitute an Eighth Amendment violation. *Accord*, *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998);

*Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(state is not required to furnish prisoners with three meals a day). Plaintiff's claim based on a single denial of a meal lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Concerning the September 5th incident, plaintiff appears to allege it was triggered by defendant BAKER's alleged desire to retaliate for plaintiff's grievance that BAKER called him a vulgar name on August 22nd. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The constitutional right plaintiff points to is the right to petition the government for redress of grievances, commonly construed to guaranty, in part, access to the courts. The right of access to the courts is not unlimited, but encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)). "[N]either any frivolous filings nor secondary litigation activity . . . may comprise the basis of a retaliation claim." *Id*. At 311. The grievance plaintiff claims he filed would not support a valid civil rights claim because plaintiff does not have a federally-protected right to be free from the use of vulgar language, even if it violates TDCJ regulations. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990)(failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103

L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61

L.Ed.2d 433 (1979).  Consequently, any actual or proposed grievance on the issue will not

support a claim of retaliation.

　　　　To the extent plaintiff simply alleges his September 5th disciplinary cases[4] were

false, the initiation of charges without probable cause is the core of malicious prosecution, but the

Fifth Circuit does not recognize any freestanding claim under section 1983 for malicious

prosecution.  *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  An inmate's claim that an

officer initiated disciplinary proceedings against him without probable cause does not state a

claim unless an underlying constitutional violation is identified.  As the analysis set forth above

demonstrates, plaintiff's allegation of retaliation fails to state a claim.  Plaintiff has presented

nothing else to supply the necessary underlying constitutional violation, and his claim of

malicious prosecution, therefore, lacks an arguable basis in law and is frivolous.  *Castellano v.

Fragozo*, 352 F.3d 939 (5th Cir. 2003).

　　　　Plaintiff's allegation that defendant HULSEY later refused to give him his card so

he could get his prescribed decongestant also fails to state a claim of constitutional dimension.

Because society does not expect that prisoners will have unqualified access to health care,

deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those

needs are "serious."  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156

(1992).  Plaintiff has alleged no fact to show that the deprivation of a decongestant for a single

night constitutes deliberate indifference to a serious medical need.  Consequently, the facts

---

[4]The disciplinary reports plaintiff has submitted as attachments to his original complaint reveal these cases were minor and possible punishment did not include the loss of accumulated goodtime credits.  Further, plaintiff alleges he appealed the determination on these disciplinary cases and his appeals were denied.

advanced by plaintiff do not support any violation of the Eighth Amendment prohibition of cruel and unusual punishment.

Although plaintiff references a vague allegation of conspiracy against defendants PORTER, BAKER, and HULSEY, he provides no further information concerning this allegation and his February 2006 amended complaint contains no reference to any material fact to support it. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff has failed to state a claim of conspiracy on which relief can be granted.

Plaintiff alleges that, on September 5th, he complained to defendant Sgt. WHITE about HULSEY and BAKER's actions that day; and WHITE got plaintiff's ID card back to him, but after the pill window had closed for the night. Plaintiff does not allege any fact to indicate defendant WHITE intentionally delayed the return of plaintiff's ID card and does not allege any other fact to support a claim that he could have, but failed to, intervene in the objectionable acts of HULSEY and BAKER. In short, plaintiff has alleged no claim against defendant WHITE on which relief can be granted.

As to defendant PORTER, plaintiff says he was "involved" in the cases on which he served as Disciplinary Hearings Officer; however, nothing in plaintiff's account of the events on September 5th supports any inference that PORTER was involved in any way. Further, the violation of a prison rule, custom, or practice in this respect does not state a claim of constitutional dimension, *see, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); and plaintiff has no constitutionally protected due process interest in these

8

disciplinary hearings because the minor cases did not result in a loss of goodtime credits. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995))(a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement).  Consequently, plaintiff has alleged no claim against defendant PORTER on which relief can be granted.

Plaintiff sues defendant STOUDER based on his handling of plaintiff's grievances and contends he did not properly investigate or resolve such grievances.  As to defendant McCLEARY, plaintiff alleges the Assistant Warden failed to protect or intervene and sided with the defendants.  The only act or omission alleged by plaintiff against McCLEARY is that she denied his appeals of the September 5th disciplinary cases, stating that no procedural errors were found.  Inasmuch as the results of these grievances have no bearing on the duration of his confinement, plaintiff cannot show the existence of a state-created liberty interest in an inmate grievance procedure.  *See, Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  Plaintiff's claims in this respect against defendants STOUDER and McCLEARY lack an arguable basis in law and are, therefore, frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, as to defendant ABSHIRE, although expressly instructed by the June 15, 2004 Order to File Amended Complaint, to state with factual specificity precisely what act or omission was committed by each defendant, plaintiff has made no factual allegation concerning defendant ABSHIRE.  Plaintiff has utterly failed to state a claim against this defendant.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff DONALD DOINES be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this __17th__ day of February, 2006.


/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

10